Joseph A. Suozzi, J.
Defendant moves for an order pursuant to CPLR 325 (subd. [b]) to remove the action presently pending between the parties in the District Court of Nassau County to the Supreme Court.
The District Court action is for three months’ arrears in support allegedly due to the plaintiff under a separation agreement between the parties dated October 22, 1969. The defendant’s answer in the action, except to admit the making of the agreement, generally denies the allegations of the complaint. Additionally, it contains a partial defense of payment, a complete defense of repudiation of the agreement based upon the plaintiff’s commencement of a Uniform Support of Dependents Law support proceeding in New Mexico pursuant to article 3-A of the Domestic Relations Law, and a counterclaim to rescind or reform the separation agreement.
CPLR 325 (subd. [b]) provides as follows: “Where it appears that the court in which an action is pending does not have jurisdiction to grant relief to which the parties are entitled, a court having such jurisdiction may remove the action to itself upon motion. A waiver of jury trial in the first court is inoperative after the removal. ’ ’ Section 208 of the Uniform District Court Act states: 1 ‘ The court shall have jurisdiction of counterclaims as follows: * * * (c) Of any counterclaim for the rescission or reformation of the transaction upon which the plaintiff’s cause of action is founded, if the amount in controversy on such counterclaim does not exceed $6,000. ’ ’
The question of whether or not the jurisdiction of the District Court of counterclaims authorized by the aforesaid section *156 extends to the instant situation has not previously been raised or decided. In fact, the District Court itself has not yet had the opportunity to pass on whether or not this section grants it jurisdiction in the action before it.
Whatever this court’s views as to the interpretation of this section may be, and notwithstanding its power to make the interpretation on this motion, this court firmly believes that the better procedure and practice would be for the District Court itself to pass on the question in the first instance. For this reason the motion is denied.
The determination of the District Court on this issue is as appealable by an aggrieved party as this court’s determination might be, and, therefore, there can be no prejudice by having the matter decided by the court before which the action is presently pending.